UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br><br>BRENT REINKE, Director of the Idaho Department of Correction, and LAWRENCE G. WASDEN, Attorney General,<br><br>　　　　　　　Respondents. | Case No. 1:11-cv-00404-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondents' Motion for Partial Summary Dismissal. (Dkt. 30.) Also pending is Petitioner's Motion to Reconsider, Alter, Amend, or Vacate Order. (Dkt. 65.)

The Court finds that oral argument is not necessary to resolve these matters. D. Idaho. L. Civ. R. 7.1. For the reasons to follow, the Court will grant Respondents' Motion, and all claims, except Claim 1, will dismissed as procedurally defaulted. Petitioner's Motion to Reconsider will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner pled guilty in state district court to one count of enticing children over the internet, Idaho Code § 18-1509A, and to one count of possessing sexually exploitative material, Idaho Code §§ 18-1507, 1507A. (State's Lodging A-1, pp. 18-19, 30, 33, 78-79, 83-85.) The trial court sentenced him to 15 years in prison, with two years fixed, for the enticing conviction, and to a consecutive 10 years indeterminate for the conviction of possessing sexually exploitative material. (State's Lodging A-1, pp. 51-57, 89-91.) Petitioner's motions to reduce his sentences under Idaho Criminal Rule 35 were denied. (State's Lodgings A-5, A-6, A-7.)

On direct appeal, Petitioner argued only that his sentences were excessive under state law, and that the district court erred in denying his Rule 35 motions, but the Idaho Court of Appeals affirmed the judgment of the lower court. (State's Lodging B-1, B-2, B-3, B-7.) The Idaho Supreme Court declined to review the case. (State's Lodging B-10.)

Petitioner next filed an application for post-conviction relief in state district court, raising several claims, including a claim of ineffective assistance of trial counsel based on counsel's failure to file a motion to suppress. (State's Lodging C-1, pp. 5-12.) The district court summarily dismissed the petition. (State's Lodging C-3, pp. 586-600.) On appeal, Petitioner argued that the district court had erred because he had raised a genuine issue of material fact as to whether his counsel was ineffective in handling the suppression issue. (State's Lodging D-1, p. 5.) The Idaho Supreme Court denied Petitioner's request to review that decision. (State's Lodging D-8.)

**MEMORANDUM DECISION AND ORDER - 2**

On August 29, 2011, Petitioner submitted the pending Petition for Writ of Habeas Corpus in this Court, raising the following claims for relief: (1) a violation of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments based on trial counsel's failure to file a motion to suppress evidence, (2) a violation of his Fourth Amendment right because evidence was seized under a search warrant not supported by probable cause and after the search warrant had expired, and (3) a Fourth Amendment violation when police searched "electronic stored information that violated the plain view doctrine." (Dkt. 3-1, pp. 1-2.)

Approximately two weeks later, Petitioner filed a successive post-conviction petition in state court and he sought a stay of the federal case. (State's Lodging E-1, p. 1.) He also filed a Motion for Leave to Supplement Amended Petition for Writ of Habeas Corpus to incorporate into his habeas Petition the claims in his successive state petition. (Dkt. 13.) The Court granted the motion to stay. (Dkt. 17.)

The state district court dismissed the successive petition, and Petitioner appealed. (State's Lodgings E-2, E-4.) The Idaho Supreme Court entered an order conditionally dismissing the appeal based on Petitioner's failure to pay the required fees. (State's Lodging E-9.) Petitioner then filed a motion to stay the appeal on the ground that he was awaiting a decision from this Court on whether his habeas claims were exhausted. (State's Lodging E-10.) The Idaho Supreme Court denied the motion, and Petitioner moved to dismiss the appeal, which was granted. (State's Lodgings E-14, E-15, E-16.)

**MEMORANDUM DECISION AND ORDER - 3**

This Court reopened the federal case and gave Petitioner leave to proceed in his Amended Petition for Writ of Habeas Corpus, together with his Supplement to the Amended Petition. (Dkt. 24.) In his pleadings, Petitioner raises 10 claims in addition to the three claims that he originally presented in his Petition, for a total of 13 claims. (Dkt. 13.)

Respondents have since filed a Motion for Partial Summary Dismissal, arguing that Petitioner failed to properly exhaust all claims in the state courts, except for one claim of ineffective assistance of counsel (Claim 1), and because it is now too late to do so, the claims must be dismissed as procedurally defaulted. (Dkt. 30.)

The Court gave Petitioner three extensions of time (Dkts. 37, 60, 63), spanning over seven months, before he filed his Response and Objection to Respondents' Motion (Dkt. 66).

## PETITIONER'S MOTION TO RECONSIDER

In addition to filing his Response, Petitioner has also submitted a Motion to Reconsider, seeking an order from the Court requiring prison officials to provide him with access to his legal material "immediately" in his cell "despite property limits," and to extend the deadline to file a brief in support of his Response for another 30 days. (Dkt. 65.) Petitioner has not given the Court any persuasive reason to issue a preliminary injunction that interferes with the execution of prison policy regarding the retention and access of personal and legal property in an inmate's cell. That aspect of the motion is denied.

**MEMORANDUM DECISION AND ORDER - 4**

Moreover, the Court has already extended Petitioner's deadline to file a response for over seven months, many times beyond the original 30-day time limit. Even after the Court warned Petitioner that "[g]iven the amount of time that has already elapsed since Respondents' Motion was filed without a response from Petitioner, no further extensions will be granted," it nonetheless gave him one final extension from February 11, 2013, to March 4, 2013. (Dkts. 60, 63.) Petitioner asserts that he has had problems in convincing prison officials to give him access to the particular legal documents that he wants to view when he wants to see them, and that he has recently been transferred back to Idaho from Colorado. But even taking those difficulties into account, the Court is not convinced that Petitioner was unable to begin *preparing* a brief at some point during the significant period of time that he has been given, or to complete it by the final deadline. Furthermore, Petitioner has been provided with the law regarding exhaustion and procedural default in the Court's Initial Review Order (Dkt. 7, pp. 5-6) and in Respondents' brief (Dkt. 30-1, pp. 6-12); he is presumably aware of what occurred in state court and can assert the facts that he believes may excuse a procedural default. This case has been pending for over a year and a half, and it is time for it to move forward. Accordingly, the Court will exercise its discretion and deny Petitioner's request for another extension of time.

The Court has considered Petitioner's Response and Objection, and it now turns to Respondents' Motion for Partial Summary Dismissal. After reviewing the record, the Court agrees with Respondents that all claims except Claim 1 must be dismissed as procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 5**

## MOTION FOR PARTIAL SUMMARY DISMISSAL

### 1.    Standard of Law

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error, at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). The petitioner must clearly alert the state court to the federal constitutional provision that supports her claim, or she must rely on state or federal cases that apply the constitutional rule. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's firmly established procedural rules, the claim is said to have been "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim

**MEMORANDUM DECISION AND ORDER - 6**

is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman,* 501 U.S. at 750. To show "cause," the petitioner must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## 2.    Discussion

It is clear to the Court that Petitioner raised only one federal constitutional claim in the Idaho Supreme Court that he also has again raised here: a claim of ineffective assistance of counsel based on counsel's failure to file a motion to suppress. That claim was resolved on the merits during Petitioner's first post-conviction action, and it can be reviewed in federal habeas. While Petitioner may have raised additional claims in the state district court, he did not pursue them on appeal.

**MEMORANDUM DECISION AND ORDER - 7**

In addition, although Petitioner initially attempted to appeal from the district court's summary dismissal of his successive post-conviction petition, in which he raised the same issues that he has included in his Amended Petition, he later voluntarily dismissed that action after the Idaho Supreme Court conditionally dismissed the appeal and denied his motion to stay. None of the claims were fairly presented on the merits. Because it is too late to return to state court and raise these claims now, *see* Idaho Code § 19-4902, they are procedurally defaulted.[1]

Petitioner has offered no explanation – or "cause" – to excuse his failure to comply with the exhaustion requirement, and the Court has reviewed the record and found none. Therefore, Respondents' Motion for Partial Summary Dismissal will be granted.

## ORDER

**IT IS ORDERED:**

1.   Petitioner's Motion to Reconsider, Amend, Alter, or Vacate Order (Dkt. 65) is DENIED.

2.   Respondents' Motion for Partial Summary Dismissal (Dkt. 30) is GRANTED. Claims 2 - 13 are DISMISSED with prejudice.

3.   No later than 60 days from the date of this Order, Respondents shall file an answer to the remaining claim or claims in the Amended Petition. Within 30

---

[1] The Court also agrees with Respondents that Claims 2 and 3, which raise substantive Fourth Amendment claims, are not cognizable in this federal habeas action, and are dismissed on that alternative basis. *See Stone v. Powell*, 428 U.S. 465, 482 (1976). Though Petitioner contends that he was deprived of a full and fair opportunity to litigate these issues in the state courts, he has not explained why that was so.

**MEMORANDUM DECISION AND ORDER - 8**

days of receiving an answer, Petitioner may file a reply (formerly a traverse).  Respondents may file a sur-reply within 14 days of receiving a reply. All claims shall be briefed in these pleadings, and the Court does not invite motions for summary judgment. Once the pleadings have been filed, the matter will then be at issue.

DATED:  **March 14, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**