UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J. J. WOLF,<br><br>                    Petitioner,<br><br>    v.<br><br>BRENT REINKE, Director of the Idaho<br>Department of Correction; and<br>LAWRENCE WASDEN, Attorney<br>General;<br><br>                    Respondents. | Case No. 1:11-cv-00404-EJL<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

Pending before the Court is Petitioner Andrew J. J. Wolf's Amended Petition for

Writ of Habeas Corpus (Dkt. 11). The Court previously dismissed all of Petitioner's

claims, other than Claim 1, as procedurally defaulted. (Dkt. 67.) Respondent has filed an

Answer and Brief in Support of Dismissal of Claim 1. (Dkt. 88.) Petitioner has filed a

Reply, as well as a Motion to Supplement his Reply, a Motion for Appointment of Counsel,

and a Motion for Evidentiary Hearing. (Dkt. 94, 95, 96). All of these motions are ripe for

**MEMORANDUM DECISION AND ORDER - 1**

adjudication.[1]  The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on January 18, 2012 and June 28, 2012. (Dkt. 16, 32.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying the only claim remaining in the Amended Petition and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner Wolf's convictions in Ada County Court are set forth clearly and accurately in *Wolf v. Idaho*, 266 P.3d 1169 (Idaho Ct. App. 2011), which is contained in the record at State's Lodging D-5. "In an online chat room, Wolf solicited sex from a user named 'greenmonsterlm07,' who [sic] Wolf believed to be a fifteen-year-old boy. Wolf arranged to meet the boy for a sexual encounter. Upon his arrival at the meeting place, Wolf was greeted by police officers who had been posing as the boy online." (State's Lodging D-5 at 1.)

The police obtained a search warrant for Petitioner's computer on August 20, 2007; the warrant was set to expire 14 days later, on September 3, 2007. The same day the

---

[1]      The Court will grant Respondents' Motion for Extension of Time (Dkt. 101) to file a response to Petitioner's Motion to Supplement his Reply.

**MEMORANDUM DECISION AND ORDER - 2**

warrant was issued, Petitioner's home was searched and his computer seized. The return of search warrant was filed the next day, on August 21, 2007. (Am. Pet., Dkt. 11, at 10.) Though the computer was seized within the time period allowed by the warrant, it was not subjected to a forensic examination until October 2, 2007, nearly a month after the warrant expired. (State's Lodging D-5 at 7-8.) Petitioner's counsel did not seek to suppress any of the evidence found on the computer.

The forensic examination revealed child pornography on Petitioner's computer. Petitioner was charged with enticing children over the internet and possession of sexually exploitative material, in violation of Idaho Code §§ 18-1509A, 18-1507, and 18-1507A. Petitioner pleaded guilty to the two charges in exchange for the state's agreement to limit its sentencing recommendations and to refrain from charging Petitioner as a persistent violator. (State's Lodging A-2 at 4-14; State's Lodging B-7.)

In state postconviction proceedings, Petitioner argued that his counsel was ineffective for failing to file a motion to suppress the evidence obtained in the search of the computer. He argued that (1) that the search warrant was not supported by probable cause, and (2) even if probable cause did exist, the October 2, 2007 search of the computer was unlawful because it was conducted more than 14 days after the warrant was issued. (State's Lodging D-1 & D-4.) The state district court dismissed Petitioner's postconviction application, and the Idaho Court of Appeals affirmed. (State's Lodging D-5.) The Idaho Supreme Court denied review. (State's Lodging D-8.)

Petitioner filed the instant habeas action in August 2011. The Court granted

**MEMORANDUM DECISION AND ORDER - 3**

Respondent's motion for partial summary dismissal, denied Petitioner's motion for

reconsideration, and set a merits briefing schedule. (Dkt. 67, 86.) Claim 1—the only

remaining claim—is now ripe for adjudication on the merits.

## HABEAS CORPUS STANDARD OF LAW

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a

state court judgment when the federal court determines that the petitioner "is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of

1996 ("AEDPA"), federal habeas relief is further limited to instances where the state

court's adjudication of the petitioner's claim

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be

deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*,

562 U.S. 86, 100 (2011). A federal habeas court reviews the state court's "last reasoned

decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501

U.S. 797, 804 (1991).

When a party contests the state court's legal conclusions, including application of

**MEMORANDUM DECISION AND ORDER - 4**

the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Richter*, 562 U.S. at 102. The Supreme Court

**MEMORANDUM DECISION AND ORDER - 5**

emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court

**MEMORANDUM DECISION AND ORDER - 6**

factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for the procedural default of a claim exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the

**MEMORANDUM DECISION AND ORDER - 7**

non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(d)(1). Rather, the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## PENDING MOTIONS FILED BY PETITIONER

**1.     Motion for Appointment of Counsel**

Petitioner has filed a Motion for Appointment of Counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

As explained below, Petitioner cannot succeed on the merits of Claim 1.

**MEMORANDUM DECISION AND ORDER - 8**

Additionally, the issues involved with the resolution of Claim 1 are not complex. Therefore, the Court will presently deny Petitioner's Motion for Appointment of Counsel.

**2.       Motion for Evidentiary Hearing and Motion to Supplement Reply**

Because the state courts adjudicated Claim 1 on the merits, no additional evidence may be considered by this Court. *Pinholster*, 131 S. Ct. at 1398 ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Therefore, the Court must deny Petitioner's Motion for Evidentiary Hearing on Claim 1, as well as his Motion to Supplement his Reply with additional evidence.

## PETITIONER IS NOT ENTITLED TO RELIEF ON CLAIM 1

**1.       Clearly-Established Supreme Court Precedent**

The Sixth Amendment to the United States Constitution provides that a criminal defendant has a right to the effective assistance of counsel in his defense. The standard for ineffective assistance of counsel claims was identified in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness.   *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

**MEMORANDUM DECISION AND ORDER - 9**

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to investigate a potential defense theory is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to

**MEMORANDUM DECISION AND ORDER - 10**

counsel's judgments.

*Id.* at 690-91.

If a petitioner shows that counsel's performance was deficient, the next step is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. As the *Strickland* Court instructed:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96. To constitute *Strickland* prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

To show prejudice based on deficient performance of counsel in a case where, as

**MEMORANDUM DECISION AND ORDER - 11**

here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Further, to demonstrate actual prejudice when the ineffective assistance claim is based on counsel's failure to file a motion to suppress evidence on Fourth Amendment grounds, the petitioner "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The Fourth Amendment "requires, as a general matter, that police procure a warrant before searching or seizing property." *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). A search warrant must be supported by probable cause. In determining whether probable cause exists, a reviewing court must consider the totality of the circumstances set forth in the warrant affidavit. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). "The relevant inquiry under *Gates* is whether in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992).

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d)(1), the Court's review of that claim is "doubly deferential." *Pinholster*, 131 S. Ct. at 1403.

**MEMORANDUM DECISION AND ORDER - 12**

2.      **The Decision of the Idaho Court of Appeals—That Petitioner Could Not Establish *Strickland* Prejudice—Was Not Unreasonable**

In affirming the dismissal of Petitioner's postconviction petition, the Idaho Court of Appeals correctly cited *Strickland* as the governing precedent for Petitioner's ineffective assistance claim. (State's Lodging D-5 at 3.) Thus, the decision was not "contrary to" clearly-established Supreme Court law. *See Bell*, 535 U.S. 685, 694 (2002); 28 U.S.C. § 2254(d)(1). The question remains whether that decision was based on an "unreasonable application" of Supreme Court precedent or an "unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d)(1) & (2).

A.      **The Search Warrant Was Supported by Probable Cause**

The state court first concluded that the search warrant for Petitioner's computer was supported by probable cause and that, therefore, a motion to suppress would not have been granted on that basis. (*Id*. at 4-6.) The Court of Appeals relied on the warrant affidavit, which provided as follows:

> Your affiant knows from his experience and training that *adults who engage in sexual activities with minor children often collect and save child pornography*. The Internet is a prime source for these types of pictures and videos. Your affiant knows that *images and videos, which are stored on computers, can be recovered during the course of a Forensic examination*.
>
> . . . .
>
> An expert in the forensic examination of computers] advised your affiant that during his examination of the computer that he is *likely to find a partial record of chats that the user of the computer has engaged in. The examination will*

**MEMORANDUM DECISION AND ORDER - 13**

> *likely find other records that identify the user of the computer.*
> The evidence is needed to help prove the criminal case against
> [Petitioner].

(*Id*. at 5-6 (emphasis added).)

Petitioner has not established that the Idaho Court of Appeals' decision rejecting Petitioner's ineffective assistance claim with respect to his probable cause argument was based on an unreasonable application of clearly-established Supreme Court precedent or on an unreasonable determination of the facts.

In determining that a motion to suppress would have been denied with respect to Petitioner's probable cause argument, the Idaho Supreme Court reasonably considered the totality of the circumstances presented in the warrant affidavit, as instructed by *Gates*. The warrant affidavit was authored by the police officer who conducted the undercover operation that led to Petitioner's arrest and who had both training for, and relevant experience from, investigating child sex crimes. The affidavit contained specific quotations from the online chat in which Petitioner explicitly solicited a person, whom he believed to be a 15-year-old boy, to have sex with him. The affidavit also explained that Petitioner had admitted engaging in the online chat from the very computer that was seized and later searched pursuant to the warrant. (*Id*. at 5.) Under the totality of these circumstances, the Court concludes that the search warrant was supported by probable cause and that the Idaho Court of Appeals' decision does not allow for habeas relief under AEDPA on that basis.

**MEMORANDUM DECISION AND ORDER - 14**

**B.**   *The Delay in Searching the Computer Did Not Violate the Fourth Amendment or Idaho State Law*

With respect to Petitioner's claim that counsel was ineffective for failing to argue that the delay in the computer search was unconstitutional, the Idaho Court of Appeals noted that "the Fourth Amendment itself does not contain requirements about when a search or seizure must occur or the duration of the search, [although] unreasonable delay in the execution of a warrant that results in a lapse of probable cause will invalidate a warrant." (State's Lodging D-5 at 6-7.) The court was correct—the Fourth Amendment does not contain a timing requirement for the execution of search warrants.

The Idaho Court of Appeals also noted that Idaho law, as opposed to the Fourth Amendment, *does* impose a 14-day time limitation for search warrants. (*Id.* at 6.) Whether a violation of the 14-day limitation rendered a search invalid was "a matter of first impression in Idaho." (*Id.* at 7.) The court noted that the initial search of Petitioner's home and the seizure of his computer were, indeed, conducted within the 14-day period. The court also found that the probable cause to support the warrant did not dissipate between the seizure of the computer and its search. Finally, the court found that the search was conducted "by an offsite forensic technician who had the training and experience to complete the search" of Petitioner's computer. (*Id.* at 8.) Reasoning that any motion to suppress the evidence obtained from the search of the computer would have been denied, the court held that defense counsel was not ineffective for failing to file such a motion. (*Id.*)

This Court has found no clearly-established Supreme Court precedent holding that

MEMORANDUM DECISION AND ORDER - 15

counsel renders ineffective assistance when he or she fails to move to suppress evidence obtained pursuant to a search executed one month after the warrant expired—particularly where that search involved a forensic examination of a computer, which cannot necessarily be accomplished by qualified personnel within a 14-day time period and which was actually seized during the appropriate 14-day period. Petitioner suffered no prejudice by counsel's failure to move to exclude the evidence under the Fourth Amendment, because there is no reasonable probability that such a motion would have been granted. *See Strickland*, 466 U.S. at 694.

Petitioner also did not suffer prejudice from counsel's failure to move to exclude the evidence under Idaho law, because the Idaho Court of Appeals—whose interpretation of state law is binding on this Court—determined that any such motion would have been denied. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").[2]

Because Petitioner cannot show that the state court of appeals unreasonably determined that the motion to suppress based on the search delay would have been denied, he necessarily cannot show that the state court's rejection of his claim of *Strickland*

---

2       The Court rejects any implication by Respondents that Claim 1 fails because it asserts a violation of state law. (Answer, Dkt. 88, at 15.) Though Respondents are correct that violations of state law are not cognizable in federal habeas proceedings, this argument misses the point. Claim 1 does *not* assert an independent state law violation with respect to the search of the computer. Rather, Claim 1 asserts that Petitioner's *Sixth Amendment right to effective assistance of counsel* was violated because defense counsel did not argue that the warrant had expired under state law. That is obviously a federal claim, and it fails on the merits for the reasons stated above—because under state law the evidence would not have been suppressed—not because it asserts a violation of state law.

**MEMORANDUM DECISION AND ORDER - 16**

prejudice was unreasonable. Additionally, Petitioner has not established that any factual finding of the state court was unreasonable.

## CONCLUSION

Claim 1 of the Amended Petition fails on the merits because Petitioner has not shown a reasonable probability that a motion to suppress would have been granted. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 694.

Because all of Petitioner's other habeas claims have already been dismissed, the Court will enter judgment in favor of Respondents and dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion for Appointment of Counsel (Dkt. 95) is DENIED.

2.      Petitioner's Motion for Evidentiary Hearing (Dkt. 96) is DENIED.

3.      Petitioner's Motion to Supplement Reply (Dkt. 98) is DENIED.

4.      Respondents' Motion for Extension of Time to file their response to Petitioner's motion to supplement (Dkt. 101) is GRANTED.

5.      The Amended Petition for Writ of Habeas Corpus (Dkt. 11) is DENIED, and this entire action is DISMISSED with prejudice.

6.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a

**MEMORANDUM DECISION AND ORDER - 17**

certificate of appealability from the Ninth Circuit by filing a request in that

court.

DATED: May 26, 2015

Edward J. Lodge
United States District Judge